**Frank C. RODWAY, Plaintiff-Appellant,**

v.

**AMOCO SHIPPING COMPANY, Defendant and Third-Party Plaintiff-Appellee,**

v.

**PEERLESS #5 CORPORATION, Third-Party Defendant-Appellee.**

**No. 73-1272.**

United States Court of Appeals, First Circuit.

Argued Dec. 3, 1973.

Decided Jan. 24, 1974.

Grover G. Alexander, Gray, Maine, with whom Arthur Chapman, Jr., Portland, Maine, was on brief, for plaintiff-appellant.

Thomas R. McNaboe, Portland, Maine, with whom Richard B. Kydd, Boston, Mass., was on briefs for appellees.

Before COFFIN, Chief Judge, and ALDRICH and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal from a judgment on a directed verdict for the defendant in a suit to recover for injuries incurred aboard the T/V DEAN REINAUER, a coastal tanker, a vessel which takes oil and gas products from larger vessels. The action was brought, under the Jones Act, 46 U.S.C. § 688, against the owners of the S/S AMOCO LOUISIANA on which plaintiff was employed as a seaman. Peerless # 5 Corp., owner of the DEAN REINAUER, was impleaded as third-party defendant.

In Portland harbor on December 30, 1969 the DEAN REINAUER prepared to take on gasoline from the AMOCO LOUISIANA. Captain Crocker made his routine tour of the ship, noting casually that the engine room continued to suffer from a minor leak in a bleeder valve. He made the Coast Guard required cursory inspection but had no more standard forms to fill. An AMOCO crewman boarded before loading to insure the first quality gas would not be tainted by some lesser grade remaining in the DEAN REINAUER'S tanks. Then the transfer of fuel was commenced.

A few hours later, while the fuel was still being transferred, an explosion of

some force occurred on the DEAN REI-NAUER. The crew of both ships sprang to action, firefighting equipment was activated, and a steady stream, followed soon by a fog spray of water, played upon the fire in the engine room, Several crew members of the AMOCO LOUISIANA courageously boarded the burning vessel to rescue men trapped by the blaze. The plaintiff was among the rescuers. He sought and received permission from his Captain to board the flaming ship. While aboard, he was injured by a second explosion.

At the conclusion of the plaintiff's evidence, the district court directed a verdict for Amoco on the grounds that he failed to establish an unfulfilled duty on the part of the AMOCO LOUISIANA to inspect DEAN REINAUER or any negligence or unseaworthiness attributable to the AMOCO LOUISIANA. We must affirm.

The appellant claims that the owners and operators of the AMOCO LOUISIANA had an obligation to inspect the DEAN REINAUER before commencing the transfer of cargo. He relies for this contention on railway law made applicable under the Jones Act, Shenker v. Baltimore and Ohio RR Co., 374 U.S. 1, 83 S.Ct. 1667, 10 L.Ed.2d 709 (1963). Shenker sued under the Federal Employers Liability Act for injuries sustained while he was loading a mail car belonging to another railroad at a station managed by the B & O. He was hoisting mailbags into the car and injury resulted from a defective door. The court held there was a duty on the part of the railroad employer to furnish employees with a reasonably safe place to work and to that end reasonable inspection would be required.

■■ The distinguishing feature of *Shenker*, a case building on a body of law governing railroad car accidents, is that it concerned the obligations of an employer relating to the place where it required its employees to work. The railroad knew its employee had to work with the car door when he was loading mail onto the car. In appellant's case, there was no way for the owners of the AMOCO LOUISIANA to foresee that employees would be doing any work aboard or with the facilities of the DEAN REINAUER. The fact that these employees undertook rescue work in the highest sea-going tradition [1] does not mean that any place where life-saving efforts might find them would be temporarily converted into a "place to work", with consequent prior obligations of inspection and readying on the part of the employer. Because the ship which the AMOCO LOUISIANA was loading was not reasonably foreseeably a place of work for the seamen of the AMOCO LOUISIANA there could be no duty to inspect except insofar as visible danger aboard the DEAN REINAUER might directly result in injury to those aboard the AMOCO. That case is not presented. The duty to inspect in *Shenker* is a duty to inspect "before permitting . . . employees to work" on the vehicle. *Id.* at p. 8, 83 S. Ct. 1667.

■ Similarly, appellant's contention that the DEAN REINAUER was the statutory agent of the AMOCO LOUISIANA and that any negligence or unseaworthiness on the part of Peerless # 5 Corporation is imputable to Amoco must be rejected. Reliance on Sinkler v. Missouri Pacific RR Co., 356 U.S. 326, 78 S.Ct. 758, 2 L.Ed.2d 799 (1957) is misplaced. That case too is directed toward affording protection in the working environment. It held simply that where injury to an employee is caused by the fault of those performing, under contract, operational activities incident to the business of his employer, and furthering the employer's enterprise, those performers may be considered "agents" of the employer. Here each ship was

---

1. We reject the contention that AMOCO LOUISIANA'S captain was negligent in permitting the volunteers to essay a life-saving activity or in failing to separate immediately the two vessels and leave the burning DEAN REINAUER and its crew to its own devices.

carrying on its own business of transporting gasoline. They were transferring the product from one to another; their cooperative venture did not result in injury to the appellant on the job. His injury took place only when he voluntarily undertook a rescue.[2]

■ The appellant's additional contentions are that dismissal was improper because negligence was evidenced by (1) the fact that the declaration of inspection was not received from the DEAN REINAUER pursuant to 46 CFR § 35.-35–30 and self-inspection should then have been undertaken; (2) failure to properly supervise operating pressure in violation of 46 CFR § 35.35–35; (3) the method of securing the mooring lines between the two vessels, which interfered with casting off and resulted in delay in separating the two vessels; (4) the allegedly improper use of a fog spray of water as opposed to foam fire combatants by the AMOCO LOUISIANA'S master acting in an emergency. Finally, appellant charges that the district court improperly denied his claim that the AMOCO LOUISIANA was itself unseaworthy.[3]

Although the hurdles which a plaintiff must surmount to get his case to a jury in Jones Act and F.E.L.A. cases are low indeed, Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed. 2d 493 (1956), a careful review of the testimony and the offer of proof reveal that no evidence was presented to establish a causal link between these allegedly negligent acts and the second explosion which caused the appellant's injuries. We must conclude that appellant's virtue must be its own reward. The district court properly directed the verdict in favor of the defendant-appellee.

Affirmed.

2. Our treatment of the agency claim disposes of both the claim of negligence and unseaworthiness aboard the DEAN REINAUER and thus sustains the district court rulings excluding evidence on these issues.

3. We also hold that the district court was correct in ruling that the conduct of the

crew of the AMOCO LOUISIANA during the fire on the DEAN REINAUER under the stress of emergency did not amount to negligence on the part of AMOCO or create a condition of unseaworthiness.